UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD A. GRAY, *et al.*,

　　　　*Plaintiffs*,

v.

ALEJANDRO MAYORKAS, *et al.*,

　　　　*Defendants*.

Civil Action No. 24-870 (LLA)

## MEMORANDUM OPINION

Plaintiffs Reginald A. Gray and Onyinye Patience Onhanma Gray (collectively, "Plaintiffs") brought this mandamus action against Alejandro Mayorkas, U.S. Secretary of Homeland Security; Ur M. Jaddou, Director of the U.S. Citizenship and Immigration Services; and Merrick B. Garland, Attorney General of the United States (collectively, "Defendants"), seeking to compel a decision on an immigration application. Defendants have moved to transfer this action to the Western District of New York and to extend the time to respond to the complaint until twenty-one days after the action is docketed there. ECF No. 8, at 1. Plaintiffs consent to the motion. *Id.* For the reasons explained below, the court will grant Defendants' motion.

### I.　　Background

Plaintiffs are a married couple residing in Erie County, New York. ECF No. 1 ¶¶ 1, 8-9. Mr. Gray is a United States citizen; Mrs. Gray is a national of Nigeria. *Id.* ¶¶ 8-9. They seek to compel Defendants to adjudicate Mr. Gray's Form I-130, Petition for Alien Relative ("Petition"), which could allow Mrs. Gray to adjust her immigration status and establish permanent residency in the United States. ECF No. 1 ¶¶ 1, 41. Plaintiffs argue that the government has failed to act within a reasonable period of time as required by 5 U.S.C. § 555(b) or within Congress's 180-day

guideline for processing immigration benefits under 8 U.S.C. § 1571. *Id.* ¶¶ 30-41. They also allege that Defendants have violated the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, by "unlawfully withholding action" on the Petition. *Id.* ¶ 37. Mr. Gray's Petition is currently pending at the U.S. Citizenship and Immigration Services ("USCIS") Service Center located in Irving, Texas. ECF No. 1-1; ECF No. 8, at 1.

## II. Discussion

### A. Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) "does not condition transfer on the initial forum's being 'wrong,'" but instead "permits transfer to any district where venue is also proper . . . or to any other district to which the parties have agreed." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).[1]

There are two steps in the Section 1404(a) analysis. First, the court must determine either that the action could have been brought in the transferee district or that the parties consent to

---

[1] Venue is proper in the District of Columbia because Defendants Mayorkas and Garland, reside here. *See* 28 U.S.C. § 1391(e)(1); *Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) (explaining that, for venue purposes, "what controls is the official residence of the federal defendant where the official duties are performed"); ECF No. 1-3 at 1 (listing a District of Columbia address for Defendant Garland); ECF No. 1-4, at 1 (listing a District of Columbia address for Defendant Mayorkas). There is some disagreement within this district about whether the court must satisfy itself that venue is proper here before conducting the analysis under Section 1404(a). *Compare Melnattur v. U.S. Citizenship & Immigr. Servs.*, No. 20-CV-3013, 2021 WL 3722732, at *3 n.4 (D.D.C. Aug. 23, 2021), *with Bradley v. Cardona*, No. 22-CV-3316, 2023 WL 8469669, at *2 & n.2 (D.D.C. Dec. 7, 2023) *and Claros v. Cowan*, No. 21-CV-609, 2021 WL 1820209, at *1 (D.D.C. May 6, 2021). Because venue is proper here, this court need not wade into that dispute.

2

litigating there. 28 U.S.C. § 1404(a). That step is satisfied here because both parties consent to a transfer to the Western District of New York. ECF No. 8, at 1.

Second, the court must decide whether "considerations of convenience and the interest of justice weigh in favor of transfer to that district." *Blackhawk Consulting, LLC v. Fed. Nat'l Mortg. Ass'n*, 975 F. Supp. 2d 57, 59 (D.D.C. 2013). This requires an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In making this determination, the court "weigh[s] several private- and public-interest factors." *Blackhawk Consulting, LLC*, 975 F. Supp. 2d at 59-60. The private-interest factors include: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) ease of access to sources of proof." *Id.* at 60. The public-interest factors include: "(1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home." *Id.* (quoting *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006)).

Most of the private-interest factors weigh in favor of transferring this case to the Western District of New York; one factor is neutral. While Plaintiffs initially brought their case in this district, they consent to the case being transferred to the Western District of New York. *See Weiner v. Novartis Pharms. Corp.*, 991 F. Supp. 2d 217, 221 (D.D.C. 2013) (finding that the plaintiff's interest in changing forum favored a transfer); ECF No. 8, at 1, 3. Defendants prefer the Western District of New York, which is Plaintiffs' home district, and "[t]ransfer is favored when defendants' preferred forum is also the plaintiff's home forum." *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020); ECF No. 8, at 1, 3. The court considers the third factor—

3

where the claim arose—to be neutral, because the parties do not specify where that may be. ECF No. 8, at 4. At the very least, it is clear that Plaintiffs' claims did not arise in this district. *See id.* As for the convenience of the parties, Plaintiffs "cannot reasonably claim to be inconvenienced by litigating in [their] home forum," *Wolfram Alpha LLC*, 490 F. Supp. 3d at 333 (quoting *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 269 (D.D.C. 2018)), and Defendants prefer to litigate there. Finally, Plaintiffs will likely be the key witnesses and rely on personal records to develop their claims, making their home district a better venue.

The relevant public-interest factor likewise weighs in favor of transfer. As the parties explain, "Plaintiffs' injuries . . . are felt by Plaintiffs in the [Western District of New York] making the local connection to that district strong." ECF No. 8, at 4. "Because any potential impacts are to be felt locally, the controversy is truly local to" that district. *Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012); *see S. Utah Wilderness All. v. Norton*, 315 F. Supp. 2d 82, 88-89 (D.D.C. 2004) (noting that a forum had a clear interest in resolving disputes where the alleged consequences of an action would be most particularly felt). The remaining two public-interest factors are not germane: "there is no reason to suspect that any federal district court is unfamiliar with federal immigration law," ECF No. 8, at 5 (citing *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101 (D.D.C. 2013)), and "[t]here can be no dispute that each District . . . faces congested dockets," *id.* at 4.

After balancing the relevant factors as set forth above, the court finds that transfer to the Western District of New York aides the convenience of the parties and witnesses and is in the interest of justice. *See* 28 U.S.C. § 1404(a). The court will therefore transfer this action to the Western District of New York.

### B. Motion to Extend Time to Respond

In general, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Upon transfer, this matter will be handled by an Assistant United States Attorney in the Western District of New York, who will require time to familiarize himself with the case, and Plaintiffs do not oppose the requested extension. ECF No. 8, at 5. The court will thus extend the time for Defendants to respond to the complaint to twenty-one days after the action is docketed in the Western District of New York.

### III. Conclusion

For the foregoing reasons, the court will grant Defendants' Consent Motion to Transfer and Extend, ECF No. 8. A contemporaneous Order will issue.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: June 10, 2024